# CHILDERS v. McCLAUGHRY, WARDEN OF THE UNITED STATES PENITENTIARY AT LEAVENWORTH.

## APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF KANSAS.

No. 110.   Submitted January 26, 1910.—Decided February 21, 1910.

Where *habeas corpus* proceedings are based on the want of jurisdiction in the trial court, and the question is whether under the statute that court had jurisdiction, the jurisdiction of the court in which the *habeas* proceeding is brought is not in issue, and if the constitutionality of the statute giving the trial court jurisdiction is not involved, but only its construction, a direct appeal does not lie to this court from the final order remanding the relator.

THE Oklahoma enabling act was approved June 16, 1906, 34 Stat. 267., c. 3335.   November 16, 1907, the State was admitted into the Union, 35 Stat. 2160.

Childers was indicted October 21, 1906, in the United States court for the Northern District of the Indian Territory, for having, on August 6, 1906, and within the jurisdiction of said court, murdered one Lena Atwood.   He was tried and convicted, and on June 17, 1907, sentenced to "be imprisoned in the penitentiary situated at Fort Leavenworth, Kansas, for the term and period of his natural life at hard labor."   He was committed accordingly, and received at the United States penitentiary at Leavenworth, Kansas, by the warden, R. W. McClaughry, June 21, 1907.

November 29, 1907, Childers filed a petition for a writ of *habeas corpus* in the United States District Court for the District of Kansas.

The principal contention was that the United States court in the Indian Territory had no jurisdiction of the offense committed by Childers during the interim between the passage of the Oklahoma enabling act and the admission of the State, in view of the language of the enabling act, and especially of § 14. Some minor errors not jurisdictional were assigned. The District Court considered the terms of the act, construed § 14, and denied the petition, and from that judgment an appeal was taken directly to this court.

The Oklahoma enabling act, approved June 16, 1906, provided (34 Stat. 275):

"SEC. 13. That said State when admitted as aforesaid shall constitute two judicial districts, to be known as the eastern district of Oklahoma and the western district of Oklahoma; the said Indian Territory shall constitute said eastern district and the said Oklahoma Territory shall constitute said western district. . . . The circuit and district courts for each of said districts, and the judges thereof, respectively, shall possess the same powers and jurisdiction and perform the same duties required to be performed by the other circuit and district courts and judges of the United States, and shall be governed by the same laws and regulations. . . .

"SEC. 14. That all prosecutions for crimes or offenses hereafter committed in either of said judicial districts as hereby constituted shall be cognizable within the district in which committed, and all prosecutions for crimes or offenses committed before the passage of this act in which indictments have not yet been found or proceedings instituted shall be cognizable within the judicial district as hereby constituted in which such crimes or offenses were committed.

"SEC. 15. That all appeals or writs of error taken from the Supreme Court of Oklahoma Territory, or the United States Court of Appeals in the Indian Territory to the Supreme Court of the United States or the United States Circuit Court of Appeals for the eighth circuit, previous to the final admission of such State shall be prosecuted to final determination as though

this act had not been passed. And all cases in which final judgment has been rendered in such Territorial appellate courts which appeals or writs of error might be had except for the admission of such State may still be sued out, taken, and prosecuted to the Supreme Court of the United States or the United States Circuit Court of Appeals under the provisions of existing laws. . . .

"SEC. 16. That all causes pending in the Supreme and District Courts of Oklahoma Territory and in the United States courts and in the United States Court of Appeals in the Indian Territory arising under the Constitution, laws or treaties of the United States, or affecting ambassadors, ministers or consuls of the United States, or of any other country or State, or of admiralty or of maritime jurisdiction, or in which the United States may be a party, or between citizens of the same State claiming lands under grants from different States; and in all cases where there is a controversy between citizens of said Territories prior to admission and citizens of different States, or between citizens of different States, or between a citizen of any State and citizens or subjects of any foreign state or country, and in which cases of diversity of citizenship there shall be more than two thousand dollars in controversy, exclusive of interest and costs, shall be transferred to the proper United States Circuit or District Court for final disposition. . . .

"SEC. 17. That all cases pending in the Supreme Court of said Territory of Oklahoma and in the United States Court of Appeals in the Indian Territory not transferred to the United States Circuit and District Courts in said State of Oklahoma shall be proceeded with, held, and determined by the Supreme or other final appellate court of such State as the successor of said Territorial Supreme Court and appellate court, subject to the same right to review upon appeal or error to the Supreme Court of the United States now allowed from the Supreme or appellate courts of a State under existing laws. Jurisdiction of all cases pending in the courts of original jurisdiction in said Territories not transferred to the United States Circuit

and District Courts shall devolve upon and be exercised by the courts of original jurisdiction created by said State.

"SEC. 18. That the Supreme Court or other court of last resort of said State shall be deemed to be the successor of said Territorial appellate courts.    .    .    .

"SEC. 19. That the courts of original jurisdiction of such State shall be deemed to be the successor of all courts of original jurisdiction of said Territories.    .    .    .

"SEC. 20. That all cases pending in the District Courts of Oklahoma Territory and in the United States courts for the Indian Territory at the time said Territories become a State not transferred to the United States Circuit or District Courts in the State of Oklahoma shall be proceeded with, held, and determined by the courts of said State, the successors of said District Courts of the Territory of Oklahoma and United States courts for the Indian Territory.    .    .    .

"SEC. 21. That the constitutional convention may by ordinance provide for the election of officers for a full State government, including members of the legislature and five Representatives to Congress.    .    .    .    Such State government shall remain in abeyance until the State shall be admitted into the Union and the election for State officers held, as provided for in this act.    .    .    ."

The act of March 4, 1907, 34 Stat. 1286, c. 2911, amended § 16, 17 and 20 of the Oklahoma enabling act so as to read as follows:

"SEC. 16. That all civil causes, proceedings, and matters pending in the Supreme or District Courts of Oklahoma Territory, or in the United States courts or United States Court of Appeals in the Indian Territory, arising under the Constitution, laws, or treaties of the United States,    .    .    .    shall be transferred to the proper United States Circuit or District Court established by this act, for final disposition, and shall therein be proceeded with in the same manner as if originally brought therein.    .    .    .

"Prosecutions for all crimes and offenses committed within

the Territory of Oklahoma or in the Indian Territory, pending in the District Courts of the Territory of Oklahoma or in the United States courts in the Indian Territory upon the admission of such Territories as a State, which, had they been committed within a State, would have been cognizable in the Federal courts, shall be transferred to and be proceeded with in the United States Circuit or District Court established by this act for the district in which the offenses were committed in the same manner and with the same effect as if they had been committed within a State. Prosecutions for all such offenses committed within either of said Territories and pending in the Supreme Court of the Territory of Oklahoma, or in the United States Court of Appeals in the Indian Territory, upon the admission of such Territories as a State, shall be transferred to the United States Circuit Courts created by this act for the district within which the offense was committed. . . .

"SEC. 17. That all causes, proceedings, and matters, civil or criminal, pending in the Supreme Court of the Territory of Oklahoma, or in the United States Court of Appeals in the Indian Territory, not transferred to the United States Circuit or District Courts in said State of Oklahoma shall be proceeded with, held, and determined by the Supreme Court or other final appellate court of such State as the successor of said Supreme Court of the Territory of Oklahoma and of the United States Court of Appeals in the Indian Territory, subject to the same right to review upon appeal or writ of error to the Supreme Court of the United States now allowed from the Supreme or final appellate court of a State under existing laws.

"SEC. 20. That all causes, proceedings, and matters, civil or criminal, pending in the District Courts of Oklahoma Territory, or in the United States courts in the Indian Territory at the time said Territories become a State, not transferred to the United States Circuit or District Courts in the State of Oklahoma, shall be proceeded with, held, and determined by the courts of said State, the successors of said District Courts of

the Territory of Oklahoma, and the United States courts in the Indian Territory. . . . All criminal cases pending in the United States courts in the Indian Territory, not transferred to the United States Circuit or District Courts in the State of Oklahoma, shall be prosecuted to a final determination in the State courts of Oklahoma under the laws now in force in that Territory."

*Mr. L. F. Parker, Jr.*, and *Mr. O. L. Rider* for appellant.

*Mr. Assistant Attorney General Harr* for appellee.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

The jurisdiction of the District Court was not in issue, nor, properly speaking, was the construction or application of the Constitution involved in this case. The real question before the District Court was whether the United States court for the Northern District of the Indian Territory had jurisdiction of the offense for which Childers was undergoing punishment, in view of the provisions of the Oklahoma enabling act. The allegation in the petition that Childers has been deprived of his liberty without due process of law was based entirely upon the alleged want of jurisdiction in the United States court of the Indian Territory to try him for the offense. The question before the lower court was simply one of statutory construction, and not of the unconstitutionality of the statute in question.

In the case of *In re Lennon*, 150 U. S. 393, 400, Lennon had been committed for contempt by the Circuit Court for the Northern District of Ohio, and thereupon applied to the same court for a writ of *habeas corpus*, the petition alleging, as in this case, that he was restrained of his liberty in violation of the Constitution, and that the Circuit Court had no jurisdiction to commit him. The writ was refused, and a direct appeal was taken to this court.

After pointing out that the jurisdiction of the Circuit Court to issue a writ of *habeas corpus* was not in issue, but that jurisdiction was entertained, this court said:

"Nor can the attempt be successfully made to bring the case within the class of cases in which the construction or application of the Constitution is involved in the sense of the statute, on the contention that the petitioner was deprived of his liberty without due process of law. The petition does not proceed on any such theory, but entirely on the ground of want of jurisdiction in the prior case over the subject-matter and over the person of petitioner, in respect of inquiry into which the jurisdiction of the Circuit Court was sought. If, in the opinion of that court, the restraining order had been absolutely void, or the petitioner were not bound by it, he would have been discharged, not because he would otherwise be deprived of due process, but because of the invalidity of the proceedings for want of jurisdiction. The opinion of the Circuit Court was that jurisdiction in the prior suit and proceedings existed, and the discharge was refused, but an appeal from that judgment directly to this court would not, therefore, lie on the ground that the application of the Constitution was involved as a consequence of an alleged erroneous determination of the questions actually put in issue by the petitioner."

*Carey* v. *Houston & Central Rwy.*, 150 U. S. 170; *Same* v. *Same*, 161 U. S. 115, 126; *Cosmopolitan Mining Co.* v. *Walsh*, 193 U. S. 460, 470; *Empire State-Idaho Mining Co.* v. *Hanley*, 205 U. S. 225, 232.

*Appeal dismissed.*