A. King Aitkin, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Harold H. Kynett, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 13189, 13190.    Promulgated June 18, 1928.

*John Hemphill, Esq.*, for the petitioners.
*W. F. Gibbs, Esq.*, for the respondent.

694

(redacted)

## OPINION.

PHILLIPS: The Commissioner has conceded that the petitioners acquired no physical assets from Dippy upon his retirement from the firm of Dippy and Aitkin. He contends, however, that they acquired something intangible in return for the payment of $5,000, and that, therefore, such payment did not represent a business expense.

Petitioners have shown that the nature of their advertising business was such that each member of the firm had his own clients who gave their business to the firm in reliance upon the integrity, ability and genius of the particular member with whom they dealt. The good will of the firm was, in substance, the sum of the good will attaching to the individual partners. When Dippy retired, he took with him his clients, their accounts and their business. The firm, as such, had no accounts or clients. The petitioners continued to handle the accounts of those clients whom they had procured. The undisputed testimony is that Dippy had extended unwarranted credits to customers, that he had canceled collectible indebtedness to the firm, that he had made promises to customers which were impossible to perform, and that he failed to devote his best efforts to the success

of the firm. So long as he was a partner he was in a position to bind these petitioners to an extent which they considered to be not only entirely unwarranted but also as wasting and endangering their resources. His continuance in the business was a threat to their financial stability and their business reputation. We are satisfied that the payment to Dippy of $5,000 in excess of his share of the capital and profits of the business was not in payment for any asset which he conveyed to the petitioners, either tangible or intangible, but was rather for the purpose of assuring the petitioners that he would no longer be able to bind them by his acts.

The respondent relies upon paragraph 10 of the partnership agreement, quoted above in the findings of fact as demonstrating that the partnership had a good will value, which the partners recognized. It is to be noted, however, that the payment there mentioned was to be made only if one of the partners was disabled mentally or physically. In such an event, that partner would no longer be able to handle the accounts of his clients, and it would be reasonable to suppose that the remaining partners would have an advantage in seeking to induce these clients to continue with such remaining partners. Here Dippy was not disabled. Not only did he take with him his own clients but the petitioners agreed not to solicit these clients for one year. Each individual had his own clients and each continued to serve these clients. The two situations are not comparable.

It is to be noted that in the present case the benefits which were derived from this payment did not extend beyond the taxable year. By the terms of the partnership agreement it could have been terminated at the close of 1920. Had the petitioners waited until then, Dippy would have been entitled only to his share of the capital and profits. The payment of $5,000 was the condition imposed by Dippy for his withdrawal four months before the partnership could be terminated under the agreement. We are therefore not concerned with the situation which would be presented had the benefits of this payment extended beyond the taxable year.

The payment which these petitioners made to protect themselves against the future actions of Dippy was directly connected with and proximately resulted from their business. No capital asset was acquired. The situation is not unlike that presented to the Supreme Court in *Kornhauser* v. *United States*, 276 U. S. 145; 48 S. C. 219; 6 Am. Fed. Tax Rep. 7358, where expenses of defending an action for an accounting, instituted by a former partner, were allowed as a deduction from income as ordinary and necessary business expenses. We are of the opinion that the Commissioner erred in refusing to allow the deductions claimed.

*Decision will be entered under Rule 50.*