LOUISIANA JOCKEY CLUB, INC., SUCCESSOR TO BUSINESS MEN'S RACING ASSOCIATION, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14654. Promulgated October 3, 1928.

*George E. Strong, Esq.*, for the petitioner.
*Paul L. Peyton, Esq.*, and *Hugh Brewster, Esq.*, for the respondent.

OPINION.

SMITH: In this proceeding the petitioner alleges as error on the part of the respondent that he disallowed the deductions from gross income of $55,000 in its return of income for the fiscal year ended March 31, 1921, and of $35,000 from the gross income in its income-tax return for the fiscal year ended March 31, 1924. The petition itself does not assert whether these amounts are claimed as deductions as ordinary and necessary expenses or otherwise. At the hearing of the proceeding council for the petitioner claimed that the amounts constituted ordinary and necessary business expenses; that they were made under threats and coercion from the City of New Orleans; and that it was necessary that the payments be made in order that the petitioner continue in business.

Considering first the deduction of the $55,000 for the fiscal year ended March 31, 1921, it is to be noted that in that year the petitioner sold to the New Orleans City Park & Investment Association, a political subdivision of the City of New Orleans, a tract of land which it had acquired from a rival racing association in 1916 at a price of $401,000. It was the intention of a majority of the stockholders in 1916 to acquire the property and donate it to the City of New Orleans. Some of the stockholders objected, however, to the making of the donation and the court held that the donation could not be made. The petitioner was in bad financial circumstances at the time and found that it could sell the property to the park association at a price of approximately $234,000, $220,000 of which represented the encumbrances upon the property, and $14,000 accrued interest. The agreement provided that the park association should

pay the petitioner $55,000 cash. Instead, however, of paying the cash over to the petitioner the park association paid it out in liquidation of certain encumbrances upon the property. The petitioner clearly sustained a loss in excess of $55,000 upon the sale and the petitioner was entitled to deduct the loss sustained from gross income in its income-tax return. The amount of $55,000 deducted from gross income was a deductible item under section 234(a)(4) of the Revenue Act of 1921.

The second question for our determination is whether the petitioner is entitled to deduct from gross income in its income-tax return for the fiscal year ended March 31, 1924, the amount of the note of $35,000 payable on February 2, 1924, together with interest thereon of $2,819.90, total $37,819.90. The respondent has allowed the deduction of $2,819.90 as interest paid. The question before the Board is whether the petitioner is entitled to deduct from gross income the $35,000 representing the face of the note paid during the fiscal year.

We can not doubt from the evidence that the petitioner paid the money under a threat that it would not be permitted to operate its race track unless the payment was made. It was essential that it make it in order to continue in business. The taxing act permits a corporation to deduct from gross income all " ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Section 234(a)(1) of the Revenue Act of 1921. In *Kornhauser* v. *United States*, 276 U. S. 145, the Supreme Court had before it the deductibility from gross income in the tax return of an individual of fees paid to an attorney for defending an action for accounting instituted by a former partner. The lower court, had held that the amount was not deductible. The Supreme Court referring to departmental rulings and to rulings of the Board of Tax Appeals, held:

> The basis of these holdings seems to be that where a suit or action against a taxpayer is directly connected with, or, as otherwise stated (*Appeal of Backer*, Dec. 88, 1 B. T. A. 214, 216), proximately resulted from, his business, the expense incurred is a business expense within the meaning of section 214(a), subdivision (1), of the act. These rulings seem to us to be sound and the principle upon which they rest covers the present case. * * * In the application of the act we are unable to perceive any real distinction between an expenditure for attorney's fees made to secure payment of the earnings of the business and a like expenditure to retain such earnings after their receipt. One is as directly connected with the business as the other.

Applying this same principle to the case at bar, we are of the opinion that it must be held that the entire amount of the $37,819.90 paid by the petitioner during the taxable year ended March 31, 1924, is a legal deduction from gross income.

It does not appear from the record that the entire amounts of the deficiencies determined by the Commissioner for the fiscal years

ended March 31, 1921, and March 31, 1924, are due to the disallowance of the deductions of $55,000 for the earlier year and $35,000 for the later year.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

GREEN, ARUNDELL, VAN FOSSAN, and MURDOCK dissent.