*449 OPINION.
Phillips:
Prior to the year 1922 petitioner was and still is a member of a firm of brokers doing a large business all over the United States, and in New York City in particular, in the sale and purchase of securities and commodities including cotton. There was in New York a concern known as the American Cotton and Grain Exchange, purporting to do business as a cotton and security exchange. The evidence discloses that it was in fact the harbor and refuge of a large number of bucket shops located in New York and other cities. Such establishments are illegitimate and tend to bring the honest trade into disrepute. This particular exchange caused the legitimate houses to lose a large amount of business. It and many of its satellites were suppressed through efforts made by the New York Stock Exchange and others, including petitioner, and this suppression was of benefit to the reputable houses. If, under these circumstances, petitioner’s firm had joined with other brokerage firms in the form of a trade association and had made a contribution to such association, it seems clear that the contribution would be deductible as an ordinary and necessary expense paid in carrying on its business. See Independent Brewing Co., 4 B. T. A. 870; Richmond Hosiery Mills, 6 B. T. A. 1247.
The expense under consideration was not incurred or paid by petitioner’s firm and ivas not a partnership expense. It was incurred and paid by him as an individual. On the other hand, petitioner was not proceeding pro bono publico, but, so far as the record discloses, for the selfish purpose of protecting his own business, and in doing so was cooperating with the New York Stock Exchange, other private individuals, and the District Attorney. We can not see that the manner in which the money was paid, that is, whether petitioner proceeded alone or cooperated with others, changes the payment from a business into a purely personal expense. Cf. G. T. Wofford, 15 B. T. A. 1225. The fact remains that the bucket shops and their central agency were suppressed and, with them, their attendant injurious effects on the petitioner’s business and investments in seats on the various exchanges. Neither do we think that because, in thus *450 protecting his business interests, petitioner did not request his partners to contribute but proceeded on his own account is, under the facts of this proceeding, material. If in his judgment independent action on his part was proper, we can not say that he was bound to refrain from action unless the partnership assumed the obligation. One has the right to expend his individual money to protect his business interests whether such interests be in a partnership or a corporation and when the proper necessity is shown such expenditures are deductible as business expenses. Cf. Alfred LeBlanc, 7 B. T. A. 256, and Harold Mortenson, 3 B. T. A. 300. The test is whether the expense is directly connected with or proximately resulted from petitioner’s business. Kornhauser v. United States, 276 U. S. 145. Tried by this test we are of opinion that petitioner should be permitted to deduct the net sum of $7,448.70 expended by him in the protection of his business.

Decision will he entered under Bule 50.