**LUCAS, Commissioner of Internal Revenue, v. WOFFORD.**

No. 6009.

Circuit Court of Appeals, Fifth Circuit.

May 20, 1931.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and Norman D. Keller, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau Internal Revenue and R. N. Shaw, Sp. Atty. Bureau Internal Revenue, both of Washington, D. C. (J. Louis Monarch and J. P. Jackson, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

Geo. W. Yancey, of Birmingham, Ala. (London, Yancey & Brower, of Birmingham, Ala., on the brief), for respondent.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is a petition by the Commissioner of Internal Revenue to review a decision of the Board of Tax Appeals allowing the respondent taxpayer, in computing his net income for the year 1920, to deduct an amount which he paid as a fee to his attorney for services in connection with certain proposed legislation designed to fix standards of motor fuel for the state of Alabama based on tests of high-grade gasoline. 15 B. T. A. 1225.

G. T. Wofford, the respondent, during the taxable year was engaged in the state of Alabama in the business of buying and selling gasoline, oils, greases, etc., and also of selling a motor fuel known as Woco Pep which contained benzol as well as gasoline. The selling of Woco Pep, because of its ingredients, would have been prohibited in Alabama by the proposed legislation. Wofford employed an attorney who prepared a bill under which Woco Pep could be sold without being subjected to the standard test proposed for high-grade gasoline. The attorney appeared before the Governor, Attorney General, and various committees of the Legislature, explained and advocated the passage of

the bill which he had drawn, and that bill was enacted into law. He was not employed or expected to do more than he did.

The amount of the fee charged and paid is conceded to have been reasonable, but the deduction of that amount is opposed by the Commissioner on the ground that it was not an ordinary and necessary expense of respondent's business. The Revenue Act of 1918, § 234 (a) (1), 40 Stat. 1077, which is applicable here, allows as deductions in computing net incomes "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business."

Respondent would not have been permitted to sell the motor fuel known as Woco Pep if it had not been exempted from the standard test prescribed for gasoline by the proposed legislation. It was reasonably necessary to employ counsel. The fee was directly connected with respondent's business, and was therefore a business expense. Kornhauser v. United States, 276 U. S. 145, 48 S. Ct. 219, 72 L. Ed. 505. It is suggested by petitioner that the fee was not deductible because it was spent for lobbying purposes. The attorney was employed, not to secure the passage or defeat of any legislation, but to represent, by argument in a public and legitimate manner, to the Governor and to the legislative committees the injurious effect the legislation first proposed would have upon the respondent's business. Neither what was agreed to be done nor what was actually done constituted lobbying. Drummond v. Steele (C. C. A.) 11 F.(2d) 595.

The petition for review is denied.