## SHAPLEIGH HARDWARE CO. v. UNITED STATES.

No. 10208.

Circuit Court of Appeals, Eighth Circuit.

Feb. 12, 1936.

Harry W. Kroeger, of St. Louis, Mo. (Nagel, Kirby, Orrick & Shepley, of St. Louis, Mo., on the brief), for appellant.

L. W. Post, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., Sewall Key, John MacC. Hudson and E. E. Angevine, Sp. Assts. to Atty. Gen., Mr. Harry C. Blanton, U. S. Atty., of Sikeston, Mo., and Herbert H. Freer, Asst. U. S. Atty., of St. Louis, Mo., on the brief), for the United States.

Before STONE, SANBORN, and BOOTH, Circuit Judges.

SANBORN, Circuit Judge.

This is an action at law for the recovery of additional income taxes paid by the appellant for the year 1930. The case was tried by the court without a jury, the facts being virtually undisputed. From a judgment for the government, the taxpayer appeals.

The facts are, briefly, these: The taxpayer is a Missouri corporation which has been for many years engaged in the wholesale hardware business. It kept its books and made its returns upon an accrual basis. Among the deductions claimed for the year 1930 was an item of $112,844.35, represent-

ing a reserve for "Bad Debts." Included in that item was $24,991.86, representing a reserve which the taxpayer had set up on its books to provide for cash discounts to be taken on sales made in the year 1930. This reserve indicated the amount of discounts which its experience demonstrated to almost a mathematical certainty would be taken by customers in 1931 on bills for goods purchased by them before the close of the fiscal year. The discounts allowed were the customary discounts allowed by the taxpayer for payment of bills within a specified time.

The Commissioner refused to allow as a deduction the reserve for such discounts. The taxpayer paid the additional tax resulting from the disallowance, made claim for refund, and, upon its rejection, brought this action.

Section 23 of the Revenue Act of 1928 (chapter 852, 45 Stat. 791, 799, 26 U.S.C.A. § 23 note) provided that, in computing net income, there should be allowed as deductions:

"(a) *Expenses*.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business."

The contention of the taxpayer is that the reserve for trade discounts represented an expense or liability incurred during the taxable year, and was therefore deductible.

The question is not whether this is a deduction which the taxpayer should, in fairness, be permitted to take, but whether it is a deduction which is clearly provided for in the Revenue Act.

"Whether and to what extent deductions shall be allowed depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed." New Colonial Ice Co., Inc., v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348. See, also, Little v. Helvering (C.C.A.8) 75 F.(2d) 436, 439.

The taxpayer relies upon the case of Virginia-Lincoln Furniture Corporation v. Commissioner of Internal Revenue (C.C.A. 4) 56 F.(2d) 1028, which held that a reserve for trade discounts was a deductible item. In Brown v. Helvering, 291 U.S. 193, 54 S.Ct. 356, 78 L.Ed. 725, the Supreme Court held that a general agent of fire insurance companies might not deduct from his commissions, which had accrued during the taxable year, a reserve representing that part of them which, according to his

experience, he would be obliged to return during the following year because of cancellations. The Court said (291 U.S. 193, at page 200, 54 S.Ct. 356, 359, 78 L. Ed. 725): "But no liability accrues during the taxable year on account of cancellations which it is expected may occur in future years, since the events necessary to create the liability do not occur during the taxable year. Except as otherwise specifically provided by statute, a liability does not accrue as long as it remains contingent." In concluding the opinion, the Court said (291 U. S. 193, at page 205, 54 S.Ct. 356, 361, 78 L.Ed. 725): "So far as the decision in Virginia-Lincoln Furniture Corporation v. Commissioner (C.C.A.) 56 F.(2d) 1028, may be inconsistent with this opinion, it is disapproved." Thereafter, in Farmville Oil & Fertilizer Co. v. Commissioner of Internal Revenue, 78 F.(2d) 83, at page 85, the Circuit Court of Appeals of the Fourth Circuit, which had decided the Virginia-Lincoln Furniture Corporation Case, said: "It is now settled, the decision in Virginia-Lincoln Furn. Corporation v. Commissioner (C.C.A.) 56 F.(2d) 1028, having been disapproved, in Brown v. Helvering, 291 U. S. 193, 200, 54 S.Ct. 356, 78 L.Ed. 725, that although a liability accrued during the year may be treated as an expense incurred, and serve as a basis for a deduction, a liability which remains contingent during the year does not accrue and may not be deducted, unless specifically authorized by statute; and this principle applies to a reserve for discounts."

The taxpayer seeks to distinguish the case of Brown v. Helvering upon the theory that a liability for a "return commission" differs from a liability for a discount in that the former matures upon the insured's exercising a right of cancellation, while the latter is an absolute obligation which is defeated only by the running of the time within which the discount may be taken. The difficulty with that distinction is that the liability of the taxpayer to grant the discounts reflected in the reserve was not a liability which became absolute during the year 1930, and that, while the taxpayer had every reason to expect that discounts to the extent of the reserve would be taken in 1931, the liability for them actually remained contingent during the taxable year. In other words, while the taxpayer had the right to expect that the amount of its bills receivable, as shown by its books at the close of business for the year 1930, would be reduced in 1931 by the amount of the reserve for discounts, the events which would bring about that reduction did not occur during that year. The liability for discounts would accrue when, as, and if the bills receivable were paid within the time during which discounts might be taken. It is clear that this case is ruled by Brown v. Helvering, 291 U.S. 193, 54 S.Ct. 356, 78 L.Ed. 725.

The judgment is affirmed.