### UNITED STATES v. O. J. MORRISON STORES OF FAIRMONT.
### No. 4332.

Circuit Court of Appeals, Fourth Circuit.
Oct. 4, 1938.

George I. Neal, U. S. Atty., of Huntington, W. Va., James P. Garland, Sp. Asst. to Atty. Gen., and Charles M. Love, Jr., Asst. U. S. Atty., of Charleston, W. Va. (James W. Morris, Asst. Atty. Gen., and Sewall Key, J. L. Monarch, and E. E. Angevine, Sp. Assts. to Atty. Gen., on the brief), for appellant.

Melville Stewart, of Charleston, W. Va., for appellee.

Before NORTHCOTT and SOPER, Circuit Judges, and CHESNUT, District Judge.

NORTHCOTT, Circuit Judge.

This is an appeal from an order entered on December 20, 1937, in the District Court of the United States for the Southern District of West Virginia, in an action at law, in which the appellee, O. J. Morrison Stores of Fairmont, a corporation, was plaintiff and the appellant, United States of America, was defendant. The object of the suit was to recover the sum of $634.57 and interest alleged by the appellant, here referred to as the plaintiff, to be due it as a refund for income taxes erroneously assessed and collected for the year 1928 in the sum of $241.21 and for the year 1929 in the sum of $393.36.

The action was instituted in November, 1933, at Charleston, and after a hearing at which an agreed statement of facts was filed and witnesses, on behalf of the plaintiff, were introduced the cause was submitted to the judge below who filed a memorandum opinion, together with a finding of facts and conclusion of law holding that the plaintiff was entitled to recover the amount sued for. An order was entered giving the plaintiff judgment and from this action this appeal was brought.

O. J. Morrison managed and operated a chain of thirteen or fourteen retail department stores of which the plaintiff corporation was one. Morrison was a stockholder and the manager of the plaintiff corporation and had been in the business for more than forty years. In all the stores of the chain every customer was given a slip or coupon redeemable in merchandise equal to one and three quarters per cent of the purchase. There was no limit time fixed in which these coupons could be redeemed and the slips were redeemable at any store of the chain.

The store of the plaintiff corporation was opened in the year 1928 and in its tax return for that year reported gross sales of $125,729.80 and set up as a deduction from its income a liability of $1,758.24, represented by the purchase slips issued, less a deduction of fifteen per cent, the estimated percentage of the slips that would not be offered for redemption. For the year 1929 the return showed gross sales of $352,787.99, and set up as a deduction from its income a liability of $3,317.52 for purchase slips issued less approximately twenty per cent. A further deduction was made equal to one and three-fourths per cent. of the amount of sales slips actually redeemed during each of these years. The Commissioner of Internal Revenue disallowed the deductions claimed as to the sales slips issued and assessed an additional tax which the plaintiff paid in August, 1931, at the same time filing a claim for a refund, which claim was disallowed and the plaintiff brought this action.

The only question involved is whether the plaintiff sustained the burden resting on it of proving such a case as would justify the judgment. We are of the opinion that the plaintiff failed to make a case.

The Revenue Act of 1928, c. 852, 45 Stat. 791, 799, 805, provides in part as follows:

"§ 23. *Deductions from gross income.*

"In computing net income there shall be allowed as deductions:

"(a) Expenses. All the ordinary and necessary expenses paid or incurred dur-

ing the taxable year in carrying on any trade or business * * *."

"§ 41. *General rule.*

"The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *" 26 U.S.C.A. §§ 23(a), 41.

Treasury Regulations 74, promulgated under this Act, has a specific provision applying to the issuing of coupons of the character of the coupons issued by the plaintiff store. This regulation is as follows:

"Art. 335. *Subtraction for Redemption of Trading Stamps.* Where a taxpayer, for the purpose of promoting his business, issues with sales trading stamps or premium coupons redeemable in merchandise or cash, he should in computing the income from such sales subtract only the amount which will be required for the redemption of such part of the total issue of trading stamps or premium coupons issued during the taxable year as will eventually be presented for redemption. This amount will be determined in the light of the experience of the taxpayer in his particular business and of other users of trading stamps or premium coupons engaged in similar businesses. The taxpayer shall file for each of the five preceding years, or such number of these years as stamps or coupons have been issued by him, a statement showing—

"(a) The total issue of stamps during each year;

"(b) The total stamps redeemed in each year; and

"(c) The percentage for each year of the stamps redeemed to the stamps issued in such year.

"A similar statement shall also be presented showing the experience of other users of stamps or coupons whose experience is relied upon by the taxpayer to determine the amount to be subtracted from the proceeds of sales. The Commissioner will examine the basis used in each return, and in any case in which the amount subtracted in respect of such stamps or coupons is found to be excessive an amended return or amended returns will be required."

Coupons of the kind here involved are frequently issued and it is evident that a certain percentage of the coupons issued are never presented for redemption. To arrive at a fair and equitable method of fixing the amount required to redeem the coupons, that will eventually be presented for redemption, the Government provided this regulation.

The manager of the plaintiff corporation, notwithstanding the fact that he had more than forty years experience in managing businesses of a similar character to that engaged in by plaintiff, issuing similar stamps or purchase slips, made no effort whatever to comply with this regulation. Plaintiff's income tax returns for the years in question, without any data being furnished from which to ascertain the percentage of purchase slips that would eventually be presented for redemption, fixed an arbitrary percentage of 85 and 80 and thus refused to give the Commissioner any basis for determining the amount proper to be allowed as a deduction. Certainly a taxpayer cannot be permitted to pursue such a course, completely ignoring and disregarding a proper and lawful regulation. Deductions are matters of legislative grace and it is only when the clear provisions of the statutes have been followed that any particular deduction can be allowed. Shapleigh Hardware Company v. United States, 8 Cir., 81 F.2d 697, and cases there cited.

It is contended on behalf of the plaintiff that the regulation has no application because the liability created by the issuance of the slips was fixed and definite and not contingent. Without deciding the question as to whether the liability created was fixed or was contingent we fail to see what difference the fact that the liability was fixed would make. The regulation makes no distinction as between fixed and contingent liabilities but simply requires the taxpayer to furnish certain data from which a proper amount for deduction may be arrived at. This the officers of the plaintiff did not do. The manager of the plaintiff had knowledge of facts that would have aided in reaching a reasonable result.

On the trial no evidence was offered showing what percentage of the sales slips was redeemed by the stores belonging to the same chain as the plaintiff store. All the evidence given by the bookkeepers and accountants, introduced as witnesses on behalf of the plaintiff, was to the effect that the per cent basis used in plaintiff's returns for the purpose of taxation was an arbitrary estimate.

The plaintiff's books being kept on an accrual basis it seems apparent that some deduction should be made for the amount necessary to redeem the purchase slips but in order to secure any deduction Regulations 74 must have been complied with. A taxpayer cannot ignore the regulations and recover an amount fixed by an arbitrary estimate.

"The question is not whether this is a deduction which the taxpayer should, in fairness, be permitted to take, but whether it is a deduction which is clearly provided for in the Revenue Act." Shapleigh Hardware Company v. United States, supra.

In the agreed statement of facts and the evidence there is nothing that sustains the finding of the trial judge that fifteen per cent was a reasonable amount to allow for the sales slips that would never be presented for redemption. A verdict should have been directed for the defendant.

Reversed.