McGEE v. NEE, Collector of Internal Revenue.

No. 11673.

Circuit Court of Appeals, Eighth Circuit.

July 22, 1940.

**544**

John B. Gage and Albert F. Hillix, both of Kansas City, Mo., for appellant.

Carlton Fox, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and William L. Cary, Sp. Assts. to Atty. Gen., and Richard K. Phelps, Acting U. S. Atty. and Thomas A. Costolow, Asst. U. S. Atty., both of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

SANBORN, Circuit Judge.

This appeal is from a judgment for the defendant (appellee) in an action brought by appellant, a taxpayer, to recover $576.-11, an alleged overpayment of income taxes for the year 1936. The record in this Court consists of the complaint, the answer, the findings of fact and declarations of law and the judgment.

The taxpayer in his complaint, after stating the jurisdictional facts, alleged in substance: that he was a partner in the firm of Thomas McGee and Sons, insurance brokers, the business of which consisted in placing insurance, other than life insurance, for the customers of the firm in companies of its choosing; that the firm derived its compensation by retaining a percentage of the premium paid for the insurance; that the customers of the firm, because of their confidence in it, relied upon it to place their insurance for them; that the firm procured policies for some of its customers from the Union Indemnity Company of New Orleans, which on January 6, 1933, was placed in receivership; that thereafter the firm, at its own expense, procured reinsurance for such customers in other companies for the unexpired terms of the policies of the Union Indemnity Company, and took assignments from these customers of the unearned portions of premiums paid on policies of that company; that where liability had accrued under such policies, the firm assumed the liability and protected the customers against loss, at its own expense, taking from them assignments of their claims against the Union Indemnity Company; that the firm expended $16,419.62 for reinsurance and for the protection of its customers holding policies in the Union Indemnity Company, and in 1936 obtained from the receiver of that company, upon a claim filed by the firm under the assignments from its customers, $1,344.44 as its pro-rata share of the receivership assets; that the firm incurred the expense for reinsurance and assumption of liability "for the purpose of and in order to protect its customers, preserve the firm's business, meet its obligations as an insurance broker and retain the insurance business of all the customers affected by the insolvency of the said Union Indemnity Company"; that the net cost of furnishing reinsurance and protection, which could only have been ascertained at the end of the receivership of the Union Indemnity Company, was $15,075.18; "that this amount was an ordinary and necessary business expense of the said Thomas McGee and Sons for the year 1936 and is to be reflected in the taxable income

for partners of said Thomas McGee and Sons for that year; that the share of this plaintiff as a partner in Thomas McGee and Sons in this expense was $2,638.16; and that properly considering this amount in the determination of this plaintiff's income tax for the year 1936, this plaintiff has overpaid in the amount of $576.11"; that plaintiff seasonably filed a claim for refund of this amount with the Commissioner of Internal Revenue, who denied the claim; and "that the said $576.11 portion of the total tax so paid for the year 1936 was in all respects erroneously and illegally collected for the reasons hereinbefore set forth."

The defendant in his answer denied, among other things, that the expenditure set forth in the complaint was an ordinary and necessary business expense of Thomas McGee and Sons for the year 1936, and denied that the plaintiff had overpaid his income tax for that year.

A jury was waived and the case was tried to the court. The evidence is not before us. The court found the necessary jurisdictional facts, and found in general that the allegations of the complaint were true; that during the years 1933, 1934 and 1935 the firm had paid out for reinsurance for and in protection of its customers $16,419.62 in order "to hold its customers and protect the reputation of the partnership as a reliable and trustworthy insurance brokerage firm which would protect its customers", and that, "In the character of business the partnership is engaged in it is essential to financial success and continued existence that the public, including its customers, have confidence in the reliability and trustworthiness and fairness of the business organization." The court also found that in the years 1933, 1934 and 1935 the firm in its tax returns deducted, as ordinary and necessary business expenses, the amounts paid out for reinsurance and protection of its customers in those years, but that the deductions were disallowed; that in 1936, after it had received $1,344.44 in satisfaction of its claim against the Union Indemnity Company, it subtracted that amount from its total expenditures of $16,419.62, and claimed the balance, $15,075.18, as a deduction from income in 1936; that "the claim was made that the expenditures constituted business expenses"; that the deduction was again disallowed by the Commissioner; that the expenditures were ordinary and necessary expenses of the partnership; and that plaintiff had paid his income taxes as determined by the Commissioner.

The court concluded (1) that it had jurisdiction, (2) that the expenditures were "ordinary and necessary expenses in carrying on the plaintiff's business," (3) but were "not paid or incurred during the taxable year of 1936" and could therefore not be deducted from gross income in determining income tax liability for that year, and (4) that judgment should be for the defendant. Judgment was entered accordingly.

In the "Statement of Points on Which Plaintiff Intends to Rely," it is asserted that the court erred: "(1) In concluding that the expenditures in controversy were not paid or incurred during the taxable year of 1936 and may not be deducted from gross income for that taxable year. (2) In failing to hold that the excess of the amount expended for and by reason of the assignment to plaintiff by its customers of their claims against the Union Indemnity Company for unearned premiums over the amount realized and received in the year 1936 from the receiver of Union Indemnity Company by reason of such claims so assigned, constituted an allowable loss in 1936, the year finally determined. (3) In rendering judgment for the defendant based upon conclusions of law not supported or justified by the court's findings of fact."

Two issues of fact were presented by the pleadings:

1. Were the expenditures for which a deduction was sought in 1936 ordinary and necessary expenses of carrying on the business of Thomas McGee and Son?

2. Were such expenditures made in the year 1936?

The first of these issues was decided in favor of the plaintiff. The second was decided in favor of the defendant.

Section 23 of the Revenue Act of 1936, 49 Stat. 1658, 26 U.S.C.A.Int.Rev.Code § 23, so far as pertinent, provides:

"In computing net income there shall be allowed as deductions:

"(a) Expenses. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.

\* \* \* \* \*

"(e) Losses by individuals. In the case of an individual, losses sustained during

the taxable year and not compensated for by insurance or otherwise—

"(1) if incurred in trade or business; * * *."

It is clear that in the court below the taxpayer was claiming the right to a deduction under § 23(a) upon the ground that the expenditure of Thomas McGee and Sons described in the complaint constituted an ordinary and necessary expense paid or incurred during the year 1936 in carrying on its trade or business. The record does not show that the question of the applicability of § 23(e) (1) was presented to the trial court or that the taxpayer contended upon the trial that he was entitled to a deduction on account of a loss sustained during the taxable year and not compensated for by insurance or otherwise. His burden in the court below was to point to a statute permitting the deduction claimed and to show that he came within its terms.[1]

What the taxpayer now seeks is a determination by this Court that, upon the primary or evidentiary facts found by the court below, the expenditure which the taxpayer asserted in his complaint was an ordinary and 'necessary business expense for the year 1936, was in fact a loss not compensated for by insurance or otherwise, deductible under § 23(e) (1).

The only question with which we can concern ourselves upon this appeal is whether the facts found by the court below support its judgment. Becker v. Evens & Howard Sewer Pipe Co., 8 Cir., 70 F.2d 596, 598. We find no inconsistency between the court's findings of the evidentiary facts and its finding of the ultimate fact that the expenditures in suit constituted ordinary and necessary business expenses.[2]

But if the court's findings of evidentiary facts were insufficient to sup-

port its findings of ultimate facts, that would present nothing for review, because the findings of ultimate facts in a jury-waived case, unless shown to be unsupported by evidence or clearly erroneous in view of the evidence, are conclusive on appeal, and an appellate court cannot revise them but can only determine whether they support the judgment. Becker v. Evens & Howard Sewer Pipe Co., 8 Cir., 70 F.2d 596, 598. A trial court, in making findings of fact, is required to find only the ultimate facts. The findings should be "a clear and concise statement of the ultimate facts, and not a statement, report, or recapitulation of evidence from which such facts may be found or inferred." Anglo-American L. M. & A. Co. v. Lombard, 8 Cir., 132 F. 721, 734; Becker v. Evens & Howard Sewer Pipe Co., supra.

The ultimate fact essential to a recovery by the plaintiff under his complaint was that the deduction disallowed by the Commissioner was an ordinary and necessary business expense of the taxpayer paid or incurred in the year 1936. Botany Worsted Mills v. United States, 278 U.S. 282, 290, 49 S.Ct. 129, 73 L.Ed. 379. Compare Becker v. Evens & Howard Sewer Pipe Co., supra; St. Paul Abstract Co. v. Commissioner, 8 Cir., 32 F.2d 225, 226. The finding that the deduction disallowed consisted of business expenses paid in years other than 1936 supports the judgment for the defendant, and precludes a reversal by this Court. The judgment is presumed to be correct, and the record fails to show that it is incorrect. Compare Becker v. Evens & Howard Sewer Pipe Co., supra.

Another reason why the appellant cannot prevail on this appeal is that this Court, except under the most exceptional circumstances, will not rule upon a ques-

---

[1] White v. United States, 305 U.S. 281, 292, 59 S.Ct. 179, 83 L.Ed. 172; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348; United States v. Donaldson Realty Co., 8 Cir., 106 F.2d 509, 515; Shapleigh Hardware Co. v. United States, 8 Cir., 81 F.2d 697; Little v. Helvering, 8 Cir., 75 F.2d 436, 439.

[2] See and compare Aitkin v. Commissioner, 12 B.T.A. 692; Louisiana Jockey Club, Inc., v. Commissioner, 13 B.T.A. 752; Pierce v. Commissioner, 18 B.

T.A. 447; First National Bank v. Commissioner, 35 B.T.A. 876; Lucas v. Wofford, 5 Cir., 49 F.2d 1027; Illinois Central R. Co. v. Commissioner, 34 B.T.A. 1; Tracy v. Commissioner, 39 B.T.A. 578; Whitney v. Commissioner, 3 Cir., 73 F.2d 589; Perkins Bros. Co. v. Commissioner, 8 Cir., 78 F.2d 152; Kales v. Commissioner, 6 Cir., 101 F.2d 35, 40, 122 A.L.R. 211; Fairmont Creamery Corp. v. Helvering, 67 App.D.C. 66, 89 F. 2d 810; Kornhauser v. United States, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505.

tion of law not presented to or determined by the court below.[3]

The judgment is affirmed.

---

[3] Virtue v. Creamery Package Mfg. Co., 227 U.S. 8, 38, 39, 33 S.Ct. 202, 57 L.Ed. 393; Duignan v. United States, 274 U. S. 195, 200, 47 S.Ct. 566, 71 L.Ed. 996; Blair v. Oesterlein Co., 275 U.S. 220, 225, 48 S.Ct. 87, 72 L.Ed. 249; Helvering v. Hormel, 8 Cir., 111 F.2d 1, 5, and cases cited; Hutchinson v. Fidelity Inv. Ass'n, 4 Cir., 106 F.2d 431, 436, and cases cited; Helvering v. Wood, 309 U. S. 344, 348, 349, 60 S.Ct. 551, 84 L.Ed. 796.