**SONKEN–GALAMBA CORPORATION et al.**
**v. ATCHISON, T. & S. F. RY. CO. et al.**
**No. 124.**

District Court, W. D. Missouri, W. D.
July 31, 1940.

For former opinion, see 33 F.Supp. 814.

Ringolsky, Boatright & Jacobs, William G. Boatright, Harry L. Jacobs, Charles A. Whitebook, and Bernard L. Glover, all of Kansas City, Mo., for plaintiffs.

R. S. Outlaw, of Chicago, Ill., Lathrop, Crane, Reynolds, Sawyer & Mersereau, Cyrus Crane, George J. Mersereau and Dean Wood, all of Kansas City, Mo., for Atchison, T. & S. F. Ry. Co.

Hobart Price, of Dallas, Tex., Carl S. Hoffman and C. S. Burg, both of St. Louis, Mo., and E. A. Neel (of Cooper, Neel & Sutherland), of Kansas City, Mo., for Missouri-Kansas-Texas R. Co. and another.

Robert Payne and G. M. Hodges, both of Dallas, Tex., for Texas & P. R. Co.

Guernsey Orcutt and Edward A. Kaier, both of Chicago, Ill., for Pennsylvania R. Co.

OTIS, District Judge.

There were filed in this case on July 13, 1940, (1) a motion to amend, withdraw and make additional findings and conclusions of law, and (2) a motion for a new trial. Both motions were argued and submitted on July 30th and are now to be ruled.

Motion to Amend, Withdraw, etc

The theories which prompted the filing of this motion were not only that the findings of fact and conclusions of law which the court made were erroneous, but the theory that a trial court, when trying a case at law in which a jury has not been demanded, not only should make such findings of fact as will support the judgment reached, but also should make such findings of fact as will fully present to any reviewing court every possible view of the case presented by plaintiffs' petition and evidence, so that the reviewing court might have before it sufficient facts found by the trial court to support a judgment for the party other than the party to which the trial court has given judgment. To illustrate, very simply, the theory is that if a suit for damages for personal injuries is tried to a trial court without a jury and the trial court finds that the defendant was not negligent and, therefore, that the plaintiff is not entitled to recover damages, the trial court also should find that, if the defendant was negligent, the plaintiff has been damaged in the amount of $5,000.

With all respect for learned counsel, who have presented their views in this and all other connections with superb ability, I cannot subscribe to nor adopt this theory. While nothing of the kind was intended by counsel, the theory is degrading to a trial court. A United States District Judge, though the humblest in rank in the federal judicial hierarchy, occupies an honorable position. He is not a mere special master taking testimony for the benefit of some other court and, being a mere special master, making findings on every theory involved in the cases. He is not a mere referee. He is something more than a "whistling post" on the highway to an ultimate destination. His court is the court in which the case is to be decided and judgment pronounced, subject only to possible review for errors committed. It is entirely inconsistent with such a view of the trial court that the judge thereof, having found the facts which, in his opinion, support the judgment reached, should proceed to make wholly superfluous and immaterial findings.

■ It seems to me that the trial court should make only such findings of fact and state only such conclusions of law

as are contemplated by Rule 52, Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c. That rule provides that—"In all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment."

I consider that this rule does not contemplate that there shall be findings of fact wholly inappropriate to the judgment entered and necessarily discarded, as unproved or immaterial, in connection with the conclusions of law reached. The facts to be found are the ultimate facts established by the evidence and supporting judgment.[1]

2. It is proper to call attention to the fact that until the filing of the motion to amend, withdraw and make additional findings, etc., plaintiffs never submitted any requested findings of fact or conclusions of law. The trial was concluded March 15, 1940. After the argument had been completed I asked counsel on both sides to submit to me requested findings and conclusions. This colloquy then followed:

"Mr. Jacobs: Judge Otis, we have not prepared any requested findings. Do you want us to?

"The Court: Unless you wish to. If you wish to, I will be glad to consider them."

Following the argument the defendants submitted requested findings and conclusions. Plaintiffs never submitted any requests.

■ It would seem that if a party is not willing to give a trial judge the benefit of suggested findings and conclusions, he is not in the best of positions to complain that the findings made and conclusions stated are incomplete.

3. One contention which was made in the argument in support of the motion to amend, withdraw and make additional findings, etc., calls for some brief discussion. The point was that although no damages were awarded plaintiffs, on the theory that they had sustained no damages, the findings of fact implied that the material involved in the mandamus suits (which courts determined should have been car-

[1] If anyone is interested he may read my paper on the subject of Improvements in Statement of Findings of Fact and Conclusions of Law presented at the Judicial Conference of the Judges of the Eighth Circuit, held in Kansas City January 6, 1940, and printed in Volume I, Federal Rules Decisions, p. 83.

ried at the scrap rate) was not carried when tendered for transportation (although carried after the alternative writs were issued, if plaintiffs still asked transportation). The thought seems to be that there was a short period in which the transportation of this material (to the amount of 4,858 tons) was denied carriage after tender and that, at least in that connection, plaintiffs were damaged. The weakness in this contention is that the evidence shows that the delay in the transportation of any of the material here referred to, after it actually was tendered for shipment and before the alternative writs became effective, was altogether too little to justify a finding of damages (if there was any showing of delay as to any carload actually tendered). Indeed it was over and over again asserted by counsel for plaintiffs during the trial that the institution of the mandamus proceedings was the tender of material for shipment. The institution of each proceeding was immediately followed by the alternative writ.

■ 4. There is one subdivision of the motion to amend, withdraw, make additional findings, etc., to-wit, subdivision XXXIV, which should be granted. In that subdivision of the motion it is requested that exceptions be allowed to plaintiffs to the findings of fact and conclusions of law and to the court's judgment. While no such order is necessary to enable the plaintiffs to have reviewed any findings and conclusion, nevertheless, an order will be made as requested in this contention.

It is ordered that it be made a part of the record in this case that plaintiffs during the trial, by evidence, by oral arguments and briefs, and prior to the entry of the opinion, findings of fact, conclusions of law and judgment, made known to the court the action which they desired the court to take with respect to each of the matters thereafter ruled in the court's findings of fact and conclusions of law and discussed in the court's opinion, concerning which complaint is made in the motion to amend, withdraw and make additional findings of fact and conclusions of law. It is further ordered that an exception be allowed to the plaintiffs to each formal finding of fact and conclusion of law complained of in the said motion and to the several views of controverted questions of law expressed in the court's opinion and to the judgment of the court. So ordered.

Plaintiffs' motion to amend, withdraw and make additional findings of fact and conclusions of law, having been duly considered by the court and the court being fully advised in the premises, is by the court overruled, except as to subdivision XXXIV thereof, which is sustained in a separate order. So ordered. Exception allowed.

Plaintiffs' motion for a new trial, having been duly considered by the court, and the court being fully advised in the premises, is by the court overruled. So ordered. Exception allowed.