## BROWN PAPER MILL CO., Inc., v. IRVIN.
### No. 12469.

Circuit Court of Appeals, Eighth Circuit.

April 1, 1943.

Gordon E. Young, of Pine Bluff, Ark., and L. J. Benckenstein, of Beaumont, Tex. (Clyde R. Brown, of Monroe, La., Benckenstein, Brown & Wells, of Beaumont, Tex., Shotwell & Brown, of Monroe, La., and Bridges, Bridges & Young, of Pine Bluff, Ark., on the brief), for appellant.

John Baxter, of Dermott, Ark. (Will J. Irvin, of Dermott, Ark., and Lee Cazort, Jr., of Little Rock, Ark., on the brief), for appellee.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The appellee, R. H. Irvin, brought this action against the Brown Paper Mill Company, Inc., the appellant, upon the claim that he was the procuring cause of a contract for the purchase by it from J. L. Williams & Sons Lumber Company of 53,363.27 acres of Arkansas timber land, dated November 14, 1940, and that, under an oral agreement made with the appellant in 1937, he was entitled to a commission of twenty-five cents an acre. The appellant denied that Irvin was the procuring cause of the contract and that it had agreed to pay him a commission upon the purchase of the lands. The issues were tried to the court, which resolved them in favor of Irvin and entered judgment against the appellant. This appeal is from the judgment.

The appellant challenges the sufficiency of the evidence to support the findings of fact and the judgment. It contends that there is a lack of proof that the appellant had agreed to pay Irvin a commission upon its purchase, under contract, of the lands in suit, and a lack of proof that he was the procuring cause of the purchase. The appellant also asserts that if Irvin had an agreement with it such as he claims, the evidence shows that it was cancelled or revoked on or about April 6, 1938, with respect to the lands in suit, and that there is no evidence that the agreement was thereafter reinstated or renewed, or that any authority was granted by the appellant to Irvin to act as its agent with respect to such lands. The appellant also contends that, under Irvin's own interpretation of his agreement with it, he would not presently be entitled to recover a commission, because title to the lands has not been accepted by or conveyed to the appellant.

Before this court undertakes to rule upon the adequacy of the evidence to support the findings of fact and the judgment of the trial court, we think that that court should make proper findings of fact and conclusions of law covering all of the issues which were presented and tried. The

trial court, in a memorandum opinion, stated generally its conclusions and requested counsel for Irvin to prepare findings of fact and conclusions of law in accordance with the opinion. This was entirely proper, but whoever drafted the findings of fact and conclusions of law was apparently laboring under the misconception that findings of fact should be findings of the evidence or of the evidentiary facts, and that conclusions of law should be the court's findings of the ultimate facts. If we were to attempt to pass upon the sufficiency of the evidence to sustain all of the challenged findings and conclusions as to evidentiary and ultimate facts, we would virtually be compelled to retry the case, and, conceivably, our disposition of this appeal might be based upon a determination of some question of fact which was never presented to or considered by the trial court.

It is true that under "Conclusions of Law" the trial court found that, "Plaintiff [appellee], being a duly licensed real estate broker, entered into an agreement with defendant [appellant] whereby defendant was to pay plaintiff at the rate of 25¢ per acre for each acre of land purchased by defendant in which plaintiff participated in such purchase." This finding does not state when this agreement was made or that it was in force and effect on November 14, 1940. The finding, under "Conclusions of Law," that Irvin was the procuring cause of the contract for the purchase of the land appears to be adequate to cover that point. Included in the "Findings of Fact" is the statement that, "On April 7, 1938, Irvin's authority to purchase land was cancelled; however, immediately thereafter, Irvin was authorized to proceed with negotiations on the Williams lands," etc. The appellant contends that there is not a scintilla of evidence to sustain the statement that any subsequent authority was ever conferred by it upon Irvin with respect to the Williams lands. The finding does not state that Irvin, after cancellation of his authority, was again authorized by the appellant to proceed under the agreement calling for a commission of twenty-five cents an acre upon purchases procured by him. We note that the trial court in its memorandum opinion makes no reference to any question of cancellation of Irvin's authority or of his contract, and we doubt whether the question was adequately presented to or considered by the court. We also doubt whether the court considered the question as to when, under Irvin's alleged agreement, his commissions were payable.

Findings of fact should be "a clear and concise statement of the ultimate facts, and not a statement, report, or recapitulation of evidence from which such facts may be found or inferred." Anglo-American Land, Mortgage & Agency Co. v. Lombard, 8 Cir., 132 F. 721, 734; Becker v. Evens & Howard Sewer Pipe Co., 8 Cir., 70 F.2d 596, 598; McGee v. Nee, 8 Cir., 113 F.2d 543, 546; Knaust Bros., Inc., v. Goldschlag, 28 F.Supp. 188, 197; Sonken-Galamba Corporation v. Atchison, T. & S. F. R. Co., 34 F.Supp. 15, 16.

The findings of fact in this case should constitute unequivocal answers to the following questions: Did Irvin on November 14, 1940, when the appellant contracted to purchase the lands in suit, have an agreement with it, by the terms of which it was obligated to pay him at that time a commission of twenty-five cents an acre upon the lands covered by the contract of purchase? If Irvin did have such a contract, when was it made, what were its terms, was it ever revoked or cancelled, and, if so, when if at all, was it reinstated or renewed, and by whom? Was Irvin the procuring cause of the contract of purchase?

If this court is again called upon to review the evidence in this case, it would be of great assistance if the trial court, in a memorandum opinion, would point out the evidence which it credits and which it considers adequate to support its several findings of the ultimate facts.

To enable the court below to make proper findings of the ultimate facts and proper conclusions of law, as required by Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the judgment appealed from is vacated, and the case is remanded with directions to set aside the present findings of fact and conclusions of law, to make new findings of fact and conclusions of law, and to enter a judgment in conformity therewith.