BERTIE CHARLES FORBES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29327. Promulgated May 16, 1952.

*George Schwartz, Esq.*, for the petitioner.
*Joseph F. Rogers, Esq.*, for the respondent.

OPINION.

HARRON, *Judge:* This issue is whether or not a payment in the amount of $1,000 made by the petitioner to the Investors League, Inc., in 1946 is a nonbusiness expense deductible under section 23 (a) (2) of the Code.

The petitioner contends that the payment made to the League was an ordinary and necessary expense for the production of income or for the management and conservation of his stocks and bonds. The respondent argues that the payment did not have any relation to the production or collection of the petitioner's income which he received from his securities or which was a result of the management and conservation of his securities, and that it is not deductible under section 23 (a) (2).

The question to be decided is whether the payment of $1,000 was proximately related to the production of the petitioner's income, or to the management, conservation, or maintenance of his income producing property. Regulations 111, section 29.23 (a)–15. *Bingham's Trust* v. *Commissioner*, 325 U. S. 365. The test to be applied is whether the payment was made with the purpose and with the reasonable expectation that income would flow directly therefrom to the petitioner. See *Old Mission Portland Cement Co.* v. *Helvering*, 293 U. S. 289; *Helvering* v. *Evening Star Newspaper Co.* (C. A. 4, 1935), 78 F. 2d 604; *Merchants National Bank of Mobile* v. *Commissioner* (C. A. 5, 1937), 90 F. 2d 223; *Bishop Trust Co.*, 36 B. T. A. 1173; *Smith-Bridgman & Co.*, 16 T. C. 287. Upon a consideration of all the evidence we have found as a fact that the payment in question was not proximately connected with the production of income or the management of income producing property of the petitioner during 1946. Cf. *Warren Leslie, Sr.*, 6 T. C. 488, 494; *Nancy Reynolds Bagley*, 8 T. C. 130, 135.

We do not have the question in this proceeding of whether the League is an organization of the kind which qualifies for exemption from tax under section 101. Nor does the petitioner argue that the League is a corporation organized and operated exclusively for educational purposes, contributions to which are deductible as donations under section 23 (o) (2). Since the League devoted much of its activities to influencing legislation, it is unlikely that such a contention would succeed if made. *Luther Ely Smith*, 3 T. C. 696. Cf. *Textile*

*Mills Securities Corporation* v. *Commissioner*, 314 U. S. 326; *Mary E. Bellingrath*, 46 B. T. A. 89.

With respect to the question in the instant case, there is no evidence that the contribution to the League was made with the understanding that there was to be a *quid pro quo* of any kind from the League to the petitioner. The facts do not show that any information relating to stocks and bonds which the petitioner received from the League caused him to purchase or sell securities, or to take any particular course of action with respect to his own investments in 1946. Neither are we able to find that any services were rendered by the League which had the direct effect of increasing the petitioner's income from his own securities and investments during the taxable year. Although we are certain that the petitioner did not experience direct benefits from the payment of $1,000, we cannot even make a finding from the evidence that the expenditure was remotely connected with the production of petitioner's income, or with the management of his stocks and bonds, or with the investments which he made.

Much of the evidence adduced by the petitioner is not material because it has no evidentiary value in establishing the necessary element of proximate relationship, if indeed such proximate relationship existed. We refer, in particular, to the evidence that the League sponsored a program designed to foster favorable public opinion about the corporate investor's problems; that it published and distributed bulletins, containing articles which were of interest to investors; that it undertook to promote or defeat certain legislation which affected the interests of investors in securities; and that it studied and analyzed the practices of corporate management. None of this evidence warrants a finding in the petitioner's favor.

Distinguishable facts requiring a different conclusion were present in the cases upon which the petitioner relies.[2] The cases cited are distinguishable.

We have found that the element of proximate cause was lacking between the expenditure in question and any income the petitioner received, as well as benefits to the petitioner in his management of his securities and investments, and that, therefore, it was not an ordinary and necessary nonbusiness expense within the meaning of section 23 (a) (2).

---

[2] *Trinidad* v. *Sagrada*, 263 U. S. 578; *Bingham's Trust* v. *Commissioner, supra; Kansas City Southern Railway Co.,* 75 F. 2d 786; *Girard Trust Co.* v. *Commissioner,* 122 F. 2d 108; *Heller* v. *Commissioner,* 147 F. 2d 376; *Independent Brewing Co. of Pittsburgh,* 4 B. T. A. 870; *California Brewing Assn.,* 5 B. T. A. 347; *Richmond Hosiery Mills,* 6 B. T. A. 1247, affd. 29 F. 2d 262; *Texas & Pacific Railway Co.,* 9 B. T. A. 365; *George Ringler & Co.,* 10 B. T. A. 1134; *Simons Brick Co.,* 14 B. T. A. 878; *G. T. Wofford,* 15 B. T. A. 1225, affd. 49 F. 2d 1027; *Fritz B. Campen,* 16 B. T. A. 543; *Best Brewery Co.,* 16 B. T. A. 1354; *Los Angeles & Salt Lake Railroad,* 18 B. T. A. 168; *Missouri Pacific Railroad Co.,* 22 B. T. A. 267; *Luther Ely Smith, supra; Associated Industries of Cleveland,* 7 T. C. 1449.

Under our holding, an alternative contention of the petitioner falls. It is also unnecessary to consider an alternative contention advanced by the respondent.

It is held that the payment of $1,000 to the League in 1946 is not a deductible nonbusiness expense. The respondent's determination is sustained.

*Decision will be entered for the respondent.*