O'REILLY & Another *v.* CAMPBELL & Others.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF UTAH.

Argued December 4, 1885.—Decided January 11, 1886.

An appellate Territorial court, having before it findings of the court below and new matter submitted by stipulation, makes no findings and sends up the case without the new matter. *Held*, That it must be determined here on those findings. *Stringfellow* v. *Cain*, 99 U. S. 610, approved.

An objection to want of proof of a fact which, if taken at the trial, can be met at once, must be taken there, or it will be considered as waived, except as to matters going to the jurisdiction of the court.

When, taking findings of fact in a Territorial court in connection with the pleadings, this court can see enough, upon a fair construction of them, to justify the judgment, it is immaterial that they are loosely drawn, with intermixtures of fact and law.

The location of a vein or lode of mineral as running in one direction indicated by a notice, and for years not marked on the surface and not developed, but subsequently found to run in a different direction and to cover another claim, located after the first on ground different from that indicated by the notice and developed by years of labor and great expenditure, both made without objection from the first locator, is invalid as against the latter claim.

The facts are stated in the opinion of the court.

*Mr. J. G. Sutherland* and *Mr. John R. McBride* for appellants submitted on their brief.

*Mr. Samuel Shellabarger* for appellees argued the question of jurisdiction; and on the merits submitted on his brief.

Mr. Justice Field delivered the opinion of the court.

This action was commenced in one of the District Courts of Utah, and arose as follows:

The defendants, the owners of mining land in that Territory known as the Omaha Lode, filed in 1877 a survey and plat of it in the land office at Salt Lake City, and applied for a patent thereof under section 2325 of the Revised Statutes. The plaintiffs are the owners of adjacent mining ground known as the Highland Boy Lode, and within the prescribed time after the commencement of proceedings for a patent, they filed an adverse claim to a portion of the land covered by the defendants' survey, embracing nearly three acres. To determine the right thereto this action was instituted. The District Court gave judgment in favor of the plaintiffs for the disputed premises, with the exception of a fractional part of an acre, and the Supreme Court of the Territory affirmed the decision.

The District Court found certain facts and conclusions of law upon which it based its judgment. The Supreme Court had before it these findings, and also, by stipulation of the parties, a statement of the evidence prepared for a motion for a

new trial in the lower court.   This statement is not embodied
in the record, nor were any findings filed by the Supreme
Court.   Under the authority of *Stringfellow* v. *Cain*, 99 U. S.
610, we must, therefore, take the findings of the lower court as
adopted by the Supreme Court and determine the case on their
sufficiency, considered in connection with the pleadings, to sup-
port the judgment.

The objections of the appellants, for which they ask a rever-
sal of the judgment, may be reduced to two : first, that the
findings do not show that the plaintiffs are citizens of the
United States; and, second, that the findings of fact are con-
fused, insufficient, and contradictory, and also mingled with
conclusions of law, instead of being separately stated as re-
quired by the statute of Utah.

It is true that the mineral lands of the United States are
open to exploration and purchase only by citizens of the
United States, or by those who have declared their intention
to become such; and had the objection been taken in the
court below that such citizenship of the plaintiffs had not been
shown, it might, if not obviated, have been fatal.   There is,
however, nothing in the record to show that it was raised
below.   Proof of citizenship, in proceedings of this kind, may
consist, in the case of an individual, of his own affidavit thereof,
and in the case of an association of persons unincorporated, of
the affidavit of their authorized agent, made upon his own
knowledge, or upon information and belief.   Rev. Stat. § 2321.
The objection to the want of proof of that fact, if taken below,
might have been met at once, if, indeed, the plaintiffs are citi-
zens.   The rule is general that an objection which might be
thus met must be taken at the trial or it will be considered as
waived, except as to matters going to the jurisdiction of the
court.   The parties to this controversy own adjoining claims,
and it is probable that the citizenship of each was known to
the other, and, therefore, no proof on the subject was required.
Be that, however, as it may, the objection, in actions of this
kind, cannot be taken in this court for the first time.

As to the findings, it is true they are not drawn with skill
or precision; they are loose and somewhat confused.   Facts

and conclusions of law are sometimes mingled together contrary to the direction of the statute, creating the impression that the findings were prepared under the pressure of other duties, and did not receive the necessary care and attention. But findings are not to be construed with the strictness of special pleadings. It is sufficient if from them all, taken together with the pleadings, we can see enough upon a fair construction to justify the judgment of the court, notwithstanding their want of precision and the occasional intermixture of matters of fact and conclusions of law. Defects of form should be called to the attention of the trial court by the objecting party, and the requisite correction of the findings would seldom be denied.

The facts, which appear to be sufficiently established, are substantially as follows: In March, 1870, the Omaha mining claim was discovered by one M. R. Williams, and some prospecting was then done by him for the vein or lode. Notice of the location was posted at the time by him and eight others associated with him, and on the 24th of June following it was recorded in the records of the mining district. By it they claimed two thousand feet along the lode, one thousand feet in an easterly direction, and one thousand feet in a westerly direction from the point at which they had a shaft. The claim was not marked on the ground until 1877, and until then it was not pretended that the vein or lode ran in any other course than east and west. But when the survey was made, preliminary to the application for a patent, it was claimed that the vein ran northeast and southwest from the shaft. The vein or lode did not appear on the surface of the ground, but when its actual course was ascertained to be northeast and southwest, the survey was made to conform to it. The defendants have succeeded to the rights of the original locators, and it is found that in regard to work they and their grantors have complied with the mining laws of the district and of the United States so as to entitle them to the ground as originally located and claimed.

In 1873 the plaintiffs and the parties through whom they derive their title discovered a vein or lode on unoccupied land

of the United States, which they called the Highland Boy Lode. During the year they made an ineffectual attempt to locate it, but it is found that the location "was perfected, made good and marked on the surface in 1874 and a record thereof made." Since then they have been continuously in the possession of it, working and developing it, and have expended upon it in labor and money several thousand dollars. At the time of its discovery and of its location in 1874, the defendants had not ascertained the course of the vein or lode which they subsequently claimed to be covered by their Omaha location. When they ascertained it they made their survey in accordance with it, and included in it a portion of the claim taken up and located by the predecessors of the plaintiffs, embracing the premises in controversy. The court found that the plaintiffs or their predecessors in interest had complied with the law of the mining district and of the United States, and gave judgment in their favor.

The question is, therefore, whether the location of a vein or lode as running in a certain direction, but not marked on the surface for years, nor developed, but simply indicated by a notice, will be allowed to prevail against a claim subsequently located by another party on ground different from that thus indicated, after the latter has been developed by years of labor and large expenditures, without objection by the first locators, because subsequent explorations by them disclose the fact that their vein runs in a different direction from what they supposed, and in its true course covers the subsequent claim. We do not think that the first claimants under these circumstances can appropriate the second claim. It is true the locators of the Omaha claim intended to take the vein or lode, and were ignorant of its true direction. But it was incumbent upon them to make explorations and ascertain its true course, and indicate it in some public and visible manner, so that others might not be excluded from explorations on adjacent ground or be deprived of the benefit of their labor. It is a rule among miners on the public lands, so often brought to our attention and so often declared that we may speak of it as part of our judicial knowledge, that discovery and appropriation are the source of title to min-

ing claims, and that development by working is the condition of their continued possession. *Jennison* v. *Kirk*, 98 U. S. 453, 457; *Jackson* v. *Roby*, 109 U. S. 440. This was the rule before Congress by its legislation sanctioned it. Four years after the defendants had made their location the predecessors of the plaintiffs took up the Highland Boy claim and for three years they, or their successors, continuously worked and expended money upon it without objection from the defendants or any indication from them to the public that their own Omaha claim was at all interfered with. It was too late afterwards to raise the objection.

*Judgment affirmed.*