## BECKER, Collector of Internal Revenue, v. EVENS & HOWARD SEWER PIPE CO.

No. 9854.

Circuit Court of Appeals, Eighth Circuit.
April 16, 1934.

John G. Remey, Sp. Asst. to Atty. Gen. (Louis H. Breuer, U. S. Atty., of Rolla, Mo., Claude M. Crooks, Asst. U. S. Atty., of St. Louis, Mo., and Sewall Key and Lester L. Gibson, Sp. Assts. to Atty. Gen., on the brief), for appellant.

Henry Ravenel, of Washington, D. C. (Oscar E. Buder, of St. Louis, Mo., and Lawrence A. Baker, of Washington, D. C., on the brief), for appellee.

Before STONE and SANBORN, Circuit Judges, and WYMAN, District Judge.

SANBORN, Circuit Judge.

This is an appeal from a judgment in an action at law tried by the court without a jury. There is no bill of exceptions, and the record consists of the pleadings, the special findings of fact, and declarations of law of the court, and the judgment.

The action was brought to recover an alleged overpayment of income and excess profits taxes for the year 1917, which it is claimed were erroneously assessed because the Commissioner of Internal Revenue, in

auditing the taxpayer's returns for the year in question, treated certain expenditures made by the taxpayer in the years 1915, 1916, and 1917 for the installation of an efficiency system—abandoned in 1917—as ordinary and necessary expenditures in those years, and not as capital expenditures. The appellant interposed a general denial. The court made special findings of fact and declarations of law in favor of the plaintiff, the appellee here.

The assignments of error, filed when the appeal was allowed, indicate that appellant intended to procure a bill of exceptions containing the evidence, since none of such assignments could otherwise be considered on appeal. After the appeal was taken, the appellant obtained leave of this court to assign as error that "the facts as found by the Court do not support the judgment"; and that assignment, in the absence of a bill of exceptions, presents the only question for review.

The court below found that plaintiff (appellee) was and is a corporation. Defendant (appellant) was and is United States Collector of Internal Revenue for the First District of Missouri. In 1915 plaintiff contracted for and commenced the installation of the "Emerson Efficiency System," for which it agreed to pay the Emerson Company $1,500 a month and certain contingent compensation. The purpose of such installation was to reduce the cost and increase the production of plaintiff's business and the returns therefrom. The system was designed to become a part of plaintiff's business permanently, and not for the purpose of increasing or maintaining plaintiff's income during the period of installation. No benefits could have resulted to the plaintiff until after the system was installed. The system, after installation, was to be operated by the plaintiff. The Emerson Company installed the system in plaintiff's plants No. 1 and No. 2. Plaintiff contracted to have it installed in plant No. 3. On September 1, 1916, the installation was discontinued. At that time, so far as installed, the system was functioning as an integral part of plaintiff's business. The system was used in plaintiff's business during 1916 and a part of 1917, but in 1917 it became necessary for plaintiff to abandon it, and it was abandoned. The total cost of the system was: 1915, $12,750; 1916, $15,-707.15; 1917, $1,502.21. Plaintiff properly capitalized on its books these costs, making, at the end of the years 1915 and 1916, a charge off in the nature of depreciation, so that on January 1, 1917, there remained on its books $20,725.70, representing the undepreciated cost of the system. In making its consolidated income and excess profits tax return for 1917, plaintiff included in its invested capital as of the beginning of the year the undepreciated balance of the cost of the system, and claimed as a deduction from gross income, because of the abandonment of the system, this undepreciated balance plus the $1,502.21 expended during 1917. In 1922 plaintiff filed an amended consolidated return claiming the same deduction, using a different method of computing depreciation for the years 1915 and 1916. In auditing plaintiff's returns, the Commissioner of Internal Revenue determined that plaintiff was not entitled to capitalize the cost of the system, but should have deducted such cost during the years that the expenditures were made therefor. Pursuant to this determination, the Commissioner caused to be assessed against the plaintiff additional taxes for the year 1917 in the sum of $10,003.33, which sum plaintiff paid with interest, making a total amount paid of $14,122.82. On January 28, 1928, plaintiff filed with defendant a claim for refund of the additional taxes on the ground that the Commissioner had erroneously determined that the cost of the system constituted an ordinary and necessary expense. The claim for refund was denied by the Commissioner. The complaint in this suit was filed within two years of the time that the plaintiff's claim was rejected and within five years of the time the plaintiff made payment of the taxes sought to be recovered.

Under "conclusions of law" the court found that:

"In purchasing the Emerson Efficiency System plaintiff acquired a permanent improvement for the increase of the general value of its business as contemplated by section 12 (a-2nd) of the Revenue Act of September 8, 1916 [39 Stat. 767] as amended by the Act of October 3, 1917 [40 Stat. 300], and the cost thereof did not in the years 1915 and 1916 represent ordinary and necessary expenses deductible in the years paid.

"Upon abandonment of the Emerson System, plaintiff sustained and charged off a loss which was not compensated by insurance or otherwise, and which was deductible from its gross income pursuant to section 12 (A-2nd) of the Revenue Act of September 8, 1916, as amended by the Act of October 3, 1917. The loss allowable is the total cost of said System, less proper depreciation for the years 1915 and 1916.

"Pursuant to the Excess Profits Tax Law, known as an act to provide revenue to defray war expenses and for other purposes, enacted October 3, 1917, and section 207 thereof [40 Stat. 306], plaintiff was entitled to include in its invested capital for the year 1917 the cost of the Emerson Efficiency System, less proper deduction for depreciation for the years 1915 and 1916.

"Plaintiff is entitled to * * * judgment" for $17,614.70, being $14,122.82 plus interest.

The appellant's criticism of these findings is "that the facts as found fail to show the expenditures in question to have been capital expenditures or that the appellee acquired assets either tangible or intangible in making the same; and * * * that the findings are silent as to essential facts and this Court being unable to determine whether or not they support the judgment, the case should therefore be remanded for a new trial."

It will be noted that the findings do not show what the Emerson Efficiency System consisted of, so that it is impossible for this court to say whether the plaintiff acquired tangible or intangible assets or whether it acquired merely managerial service or business advice.

The question, then, is whether the findings are sufficient to support the judgment entered.

■ In an action at law tried to the court without a jury, "the finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury." Section 773, title 28, U. S. C., as amended May 29, 1930, c. 357, 46 Stat. 486 (28 USCA § 773). And, on appeal, "* * * when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment." Section 875, title 28, U. S. C. (28 USCA § 875).

"Where the court makes a special finding of facts in an action at law, the question whether or not these facts support the judgment rendered thereon is always open for consideration by the appellate court on a writ of error, without objection or exception taken at the time of the entry of the judgment." Hooven, Owens & Rentschler Co. v. John Featherstone's Sons (C. C. A. 8) 111 F. 81, 86; United States v. Smith (C. C. A. 1) 39 F.(2d) 851, 854; White v. United States (C. C. A. 10) 48 F.(2d) 178, 181.

The findings have the same effect as the verdict of a jury, and the appellate court does not revise them, but merely determines whether they support the judgment. United States v. United States Fidelity & Guaranty Co., 236 U. S. 512, 527, 35 S. Ct. 298, 59 L. Ed. 696; United States v. Smith (C. C. A. 1) 39 F.(2d) 851, 853, supra.

■ The trial court in making special findings is required to find the ultimate facts. "* * * a special finding should be a clear and concise statement of the ultimate facts, and not a statement, report, or recapitulation of evidence from which such facts may be found or inferred." Anglo-American L. M. & A. Co. v. Lombard (C. C. A. 8) 132 F. 721, 734. See, also, Webb v. National Bank of Republic (C. C. A. 8) 146 F. 717, 719; United States v. Smith (C. C. A. 1) 39 F.(2d) 851, 854, supra; White v. United States (C. C. A. 10) 48 F.(2d) 178, 181, supra.

The ultimate fact essential to a recovery by the plaintiff was that the amount disallowed by the Commissioner was a capital expenditure, just as the ultimate fact in Botany Worsted Mills v. United States, 278 U. S. 282, at page 290, 49 S. Ct. 129, 73 L. Ed. 379, was that the amount disallowed was an ordinary and necessary expenditure. See, also, St. Paul Abstract Co. v. Commissioner (C. C. A. 8) 32 F.(2d) 225, 226, in which this court said: "The ultimate fact required by this statute to be found is whether the taxpayer is a personal service corporation within the meaning of that statute."

■ There can be no doubt that the court in this case found the essential ultimate facts in favor of the plaintiff, and that those facts as found support the judgment in its favor. What the appellant really complains of is that the evidence or the evidentiary facts do not sustain the ultimate facts as found by the court; but there is no way to determine whether they do or do not, since the appellant has not made the evidence part of the record on review.

■ That the special findings do not contain sufficient evidentiary facts to enable us to ascertain whether the court correctly found the ultimate facts, presents nothing for review. Compare, United States v. Smith (C. C. A. 1) 39 F.(2d) 851, 854, supra; O'Reilly v. Campbell, 116 U. S. 418, 420, 421, 6 S. Ct. 421, 29 L. Ed. 669; Wilson v. Merchants' Loan & Trust Co., 183 U. S. 121, 126, 127, 22 S. Ct. 55, 46 L. Ed. 113; Webb v. National Bank of Republic (C. C. A. 8) 146 F. 717, 719, supra; Dooley Lumber Co. v. United States (C. C. A. 8) 63 F.(2d) 384, 389.

The judgment is presumed to be correct. Lloyd v. McWilliams, 137 U. S. 576, 11 S. Ct. 173, 34 L. Ed. 788. The appellant has failed to show that it is incorrect. It ought not to be vacated on the suspicion that it may not be justified by the evidence. Many years ago the Supreme Court said: "When a party is dissatisfied with the decision of his cause in an inferior court, and intends to seek a revision of the law applied to the case in a superior jurisdiction, he must take care to raise the questions of law to be revised, and put the facts on the record for the information of the appellate tribunal; and if he omits to do so in any of the methods known to the practice of such courts, he must be content to abide the consequences of his own neglect. Evidence, whether written or oral, and whether given to the court or to the jury, does not become a part of the record, unless made so by some regular proceeding at the time of the trial and before the rendition of the judgment. Whatever the error may be, and in whatever stage of the cause it may have occurred, it must appear in the record, else it cannot be revised in a court of error exercising jurisdiction according to the course of the common law." Suydam v. Williamson et al., 20 How. 427, 433, 15 L. Ed. 978.

The judgment is affirmed.