Ellis ASHLEY, Jr., Plaintiff,

v.

ILLINOIS CENTRAL GULF RAILROAD COMPANY, Defendant.

Civ. A. No. J81–0405(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

Aug. 9, 1983.

Firnist J. Alexander, Jackson, Miss., for plaintiff.

William H. Glover, Jr., Jackson, Miss., for defendant.

## ORDER

BARBOUR, Chief Judge.

This cause came on for hearing on Motion of Defendant to Dismiss for Failure to Substitute Legal Representative of deceased party pursuant to Rule 25, Federal Rules of Civil Procedure.

This is a Title VII employment discrimination suit based upon an alleged retaliatory discharge of Plaintiff by Defendant on January 17, 1980, after 15 years of employment. The suit was originally filed by Plaintiff pro se and the Plaintiff requested leave to proceed in forma pauperis and for the appointment of counsel to represent him. After reference to the Magistrate, the Magistrate entered a report and recommendation recommending that the District Court find Plaintiff not entitled to proceed in forma pauperis nor to appointment of counsel and further that Plaintiff be granted 30 days within which to employ counsel or to represent himself by filing proper pleadings. The report and recommendation of the Magistrate was accepted by the District Court and Judge Walter L. Nixon, Jr. entered his Order on October 14, 1981, allowing Plaintiff thirty days from the date of the order within which to employ counsel or to represent himself. On November 17, 1981, at least three days after the expiration of the thirty days, present counsel for the Plaintiff filed a notice of appearance. Thereafter, on November 27, 1981, pursuant to Motion of Defendant the District Court entered an order dismissing the case without prejudice because its order had not been timely complied with. This order was appealed to the United States Court of Appeals for the Fifth Circuit and in Case # 82–4030 on the Summary Calendar that Court vacated the judgment of dismissal and ordered remand to the District Court for further proceedings on the basis that the record did not reflect a clear record of delay or contumacious conduct. The order of the Fifth Circuit was entered on July 6, 1982, and was filed with the District Court on July 30, 1982.

During the time the appeal was pending with the Fifth Circuit the Plaintiff, Ellis Ashley, Jr., died on April 11, 1982. Following the rendition of the opinion by the Fifth Circuit until the filing of a Suggestion of Death by the Defendant on September 18, 1982, no party came forward to be substituted as Plaintiff. On December 15, 1982, 89 days after the filing of the Suggestion of Death by the Defendant, Mrs. Carolyn Ashley, widow of the Plaintiff, filed a Motion for Substitution of Party. That motion was made by Mrs. Ashley as "widow of Ellis Ashley, Jr., his heir at law and successor" by and through her attorney of record. That motion was noticed before the Magistrate, who held by order dated January 11, 1983, that Mrs. Ashley, as widow of the Plaintiff, was not a proper party to be substituted for Plaintiff since said widow

was not a legal representative of said deceased Plaintiff. Mrs. Ashley, through her attorney moved the Court ore tenus for additional time within which to go to State court, to open an estate for the deceased Plaintiff and have his widow appointed as his administratrix, and to then amend his motion for substitution of party herein. That motion likewise was denied.

On January 17, 1983, an application for review of the Magistrate's order of January 11, 1983, was filed and on March 24, 1983, said application for review was denied by this Court through Judge Walter L. Nixon, Jr.

On April 14, 1983, Defendant filed its Motion to Dismiss For Failure to Substitute Legal Representative of Deceased Party and said Motion was noticed first before Judge Nixon and later before this Court, to whom the case had been assigned, for hearing on August 4, 1983. Hearing was held on that date and a certified copy of Letters of Administration issued by the Chancery Court of the First Judicial District of Hinds County, Mississippi, naming Mrs. Carolyn Ashley, the widow of Plaintiff, as Administratrix of the Estate of the deceased Plaintiff, and dated August 4, 1983, were admitted into evidence. Although the brief of Plaintiff as respondent to the motion was due under the Local Rules of this Court at least 6 days prior to the date set for hearing, Plaintiff's brief was not received until the day of hearing and then only after direct request from this Court to Plaintiff's attorney.

■ Rule 25, Federal Rules of Civil Procedure provides in part: "If a party dies and the claim is not thereby extinguished, the Court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party. . . ." Unless the estate of a deceased party has been distributed at the time of the making of the motion for substitution, the "proper" party for substitution would be either the executor or administrator of the estate of the deceased. "Successors" would be the distributees of the decedent's estate if his estate had been closed. *Rende v. Kay*, 415 F.2d 983 (D.C.Cir.1969). Accordingly, plaintiff's motion for substitution of party was properly denied.

■ Rule 25 requires that the motion for substitution be made not later than ninety (90) days after the death is suggested upon the record. Rule 6(b) allows the enlargement of that time within the discretion of the court.

The defendant is clearly entitled to a dismissal under Rule 25 for the failure of the Plaintiff to substitute a legal representative for the deceased party, but for the request of the Plaintiff at the time of the hearing of Defendant's motion to in effect review the order of the Magistrate and of Judge Nixon denying Plaintiff additional time within which to move to substitute a proper party for the deceased Plaintiff. That decision was a discretionary one, made by the Magistrate and reviewed by Judge Nixon. Even if this Court were inclined to review that decision it would not be inclined to reverse it in view of the lack of diligence of Plaintiff's counsel throughout these pleadings as illustrated by the failure to voluntarily move to substitute a proper party for the deceased Plaintiff from the time of his death on April 11, 1982, until the time of the filing of the Suggestion of Death by Defendant on September 18, 1982, by his waiting until the 89th day after the filing of the Suggestion of Death to file his Motion for Substitution of Party, by his failure to file a timely brief in regard to Defendant's Motion to Dismiss and by his securing the appointment of an administratrix for the deceased Plaintiff at the late date of August 4, 1983, the date for the hearing of Defendant's Motion to Dismiss.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Motion of Defendant to Dismiss for Failure to Substitute Legal Representative is well taken and is hereby granted.

IT IS FURTHER ORDERED AND ADJUDGED that this cause be, and it is hereby dismissed with prejudice at the cost of Plaintiff.