Gladys **MADISON**, Guardian for
Viola Williams, Plaintiff,

v.

**VINTAGE PETROLEUM, INC.**, Placid Oil
Company, Texas International Petroleum Corporation and Southeastern Norm
Environmental, Inc., Defendants.

Civ. A. No. 3:93–CV–663(L)(N).

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 22, 1994.

David T. Cobb, David T. Cobb, Jackson, MS, Stuart H. Smith, James R. Cox, Law Offices of Bernard, Sacks, New Orleans, LA, L. Arthur Hewitt, Sacks & Smith, Hattiesburg, MS, for plaintiff.

E. Otis Johnson, Jr., Jeffery P. Reynolds, Heidelberg & Woodliff, Jackson, MS, Alexander A. Alston, Jr., Julie E. Chaffin, Alston, Rutherford, Tardy & Vanslyke, Jackson, MS, Stephanie M. Rippee, W. Scott Welch, III, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, Thomas T. Buchanan, Tucker Buchanan, Laurel, MS, Dan W. Webb, Webb, Deaton, Balducci & Smith, Tupelo, MS, for defendants.

### MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

There are a number of motions presently pending in this cause. However, the court's immediate interest is in resolving the motion filed by plaintiff Gladys Madison, as guardian for Viola Williams, to dismiss without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, and the cross-motion of defendants Vintage Petroleum, Inc., Placid Oil Company, Texas International Petroleum Corporation and Southeastern NORM Environmental to substitute Henry Lee Williams as party plaintiff pursuant to Rule 25(a) of the Federal Rules of Civil Procedure.

Gladys Madison initiated this action in state court on September 9, 1993 on behalf of her ward, Viola Williams, charging that the defendant oil companies had caused certain property in which Viola Williams owned a life estate to become contaminated with "naturally occurring radioactive material," or NORM, and further, that the defendants had failed to properly dispose of the NORM from the property. She sought to enjoin the defendants to remove all NORM from the property, and demanded actual and punitive damages for her exposure to radiation and fear caused by this exposure, and for the diminution in the value of her life estate. Defendants timely removed the case to this court, contending that the sole nondiverse defendant, Southeastern NORM,[1] had been fraudulently joined to defeat federal jurisdiction.

Viola Williams died on January 29, 1994. However, neither the defendants nor the court were advised of this fact at that time. Instead, plaintiff proceeded full speed ahead for several months before filing the present motion to dismiss. During those several months, substantial discovery was conducted by the partes and a number of motions were filed. For example, on February 25, 1994, plaintiff, still without having informed the court or defendants of Ms. Williams' death, moved both to amend the complaint to assert additional claims against Southeastern NORM and to remand on the basis of the newly-alleged claims. All of the defendants responded in opposition to plaintiff's motion, and Southeastern NORM contemporaneously moved the court to dismiss the claim which plaintiff had originally alleged against it, or, in the alternative to grant summary judgment as to that claim. On May 17, plaintiff filed her rebuttal and her response, respectively, to defendants' motions, but still did not mention Ms. Williams' death. A few weeks later, however, on June 6, plaintiff moved to dismiss without prejudice on the basis that her ward, Viola Williams, had died.

In the memoranda submitted by plaintiff in connection with the motion to dismiss, Ms. Madison has represented to the court that she is no longer interested in pursuing this litigation. She states, though, that although she has no desire to continue this case, she seeks dismissal *without* prejudice "because she wishes to preserve the rights of Viola Williams' heirs—whoever they may be—to come forward and *themselves* prosecute this action, in the event they so desire. . . ." Defendants strenuously oppose plaintiff's motion to dismiss, arguing that the effort to drop this lawsuit is nothing more than a tactical maneuver by plaintiff to circumvent what she surely must realize will be an adverse ruling on her motion to amend and remand. Defendants predict that if dismissal without prejudice is allowed, then Ms. Madison, or, more likely, some other appropriate party such as Ms. Williams' son, Henry Lee Williams, will simply refile suit in state court alleging each of the claims sought to be added by amendment in this case, and thereby attempt to avoid federal jurisdiction over the case. Defendants request, therefore, that plaintiff's motion to dismiss without prejudice be denied.

In addition to asking that the motion be denied, defendants have filed their own motion requesting that Henry Lee Williams, Ms. Williams' sole heir-at-law, be substituted as the plaintiff in place of Ms. Madison as his deceased mother's representative, in accordance with Rule 25(a) of the Federal Rules of Civil Procedure. Ms. Madison objects to the proposed substitution, asserting that she, and not Henry Lee Williams, is the only person with authority to prosecute this action on behalf of Viola Williams.

Rule 25(a)(1) provides in pertinent part as follows:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district.[2]

---

1. Both plaintiffs and Southeastern NORM were Mississippi residents.

2. The rule goes on to state that unless a motion for substitution is made within 90 days of the

■ The parties are in agreement, apparently, that certain of Ms. Williams' claims, and specifically, her claims for punitive damages and actual damages for personal injury and emotional distress, and for reduction in the value of her life estate, survived her death. *Cf. Henderson v. United States Fidelity & Guar. Co.,* 695 F.2d 109, 114 n. 4 (5th Cir.1983) (deceased's representatives may prosecute punitive damages action). What this court must initially decide is whether Henry Lee Williams, Ms. Williams' son and, it appears, her sole heir, or Gladys Madison, who was appointed Ms. Williams' guardian during her lifetime, or either of them, is a proper party to prosecute this action. Citing Miss.Code Ann. § 91–7–68, Ms. Madison argues that the guardian is the presumed administrator of the estate of her ward. That statute provides that

> [u]pon the death intestate of any person under legal disability for whom a guardian ... has been appointed by a court of competent jurisdiction and is serving, the judge or clerk of such court, upon proof of death of such person, may grant letters of administration to the already acting fiduciary, unless some relative or other person entitled to administer the estate shall within thirty days after the death of such person apply to the court for such administration.

Ms. Madison reasons that since no one has come forward to open an estate or otherwise claim the right to administer Ms. Williams' affairs, then she, as guardian, is presumptively the only person with authority to act on behalf of Ms. Williams. Her position is without merit.

Contrary to plaintiff's apparent interpretation of § 91–7–68, it does not follow from the fact that Ms. Madison was Ms. Williams' duly appointed and acting guardian during her lifetime that she automatically became the administrator of Ms. Williams' estate upon Ms. Williams' death. There simply is no "presumed" administrator of the estate of a deceased ward. Rather, there is no administrator of the estate of a deceased person until one is qualified and appointed. Though surely a court *could have* granted letters of administration to Ms. Madison,[3] as is clearly provided for in § 91–7–68, this did not occur. Indeed, Ms. Madison makes no claim that any court has appointed her to act as administrator of Ms. Williams' estate. Moreover, "[i]t is generally held that after the death of a ward, a guardian has no further authority except to account for the guardianship estate to the proper (persons) through the court having jurisdiction over the guardianship." *South v. United States,* 262 F.Supp. 321, 324 (N.D.Miss.1966)' (citing 44 C.J.S. Insane Persons §§ 79, 87, 190, 213). The court thus rejects Ms. Madison's argument that she remains a proper party plaintiff in this action. The issue, then, is whether Henry Lee Williams may properly be substituted as plaintiff.

■ As defendants correctly recognize, the proper party to prosecute this action is the legal representative of the deceased plaintiff. *See* Fed.R.Civ.Proc. 25(a); Miss. Code Ann. §§ 91–7–233–237; *Ashley v. Illinois Central Gulf R.R. Co.,* 98 F.R.D. 722 (S.D.Miss.1983). Defendants apparently are of the view that Henry Lee Williams, as Viola Williams' sole heir, became her legal representative upon her death and thus is a proper party to prosecute this action in her place. However, while Henry Lee Williams may be his deceased mother's sole heir, it does not follow that he is therefore presently her legal representative. As the court recognized in *Ashley,* "[u]nless the estate of a deceased party has been distributed at the time of the making of the motion for substitution, the 'proper' party for substitution would be either the executor or administrator of the estate of the deceased." *Ashley,* 98 F.R.D. at 723; *see also* Miss.Code Ann. § 91–7–237 ("When either of the parties to a personal action shall die before final judgment, the executor or administrator of such

date that the death is suggested upon the record, the action shall be dismissed as to the deceased party. The suggestion of death was filed by defendants on June 9, 1994 and they filed their motion for substitution on June 14, 1994.

**3.** No relative or other person entitled to administer the estate applied to the court for appointment as Ms. Williams' administrator within thirty days of her death.

deceased party may prosecute or defend such action...."). Or, if the estate has been distributed at the time the motion for substitution is made, then a distributee of the estate would be a "proper party" to be substituted under Rule 25(a). *Ashley*, 98 F.R.D. at 723; *Gronowicz v. Leonard*, 109 F.R.D. 624, 626 (S.D.N.Y.1986); *see also Rende v. Kay*, 415 F.2d 983, 985 (D.C.Cir.1969) ("successor" referenced in Rule 25(a) would include distributee of an estate that has not been distributed). Nothing with which the court has been presented suggests that Viola Williams' estate has been distributed. Indeed, by all accounts, no estate has been opened for Viola Williams nor has an administrator been appointed. Thus, it cannot be concluded that Henry Lee Williams is at this time a proper party to be substituted as the plaintiff in this case. In the court's opinion, however, Henry Lee Williams should be given the opportunity to determine whether he wishes to pursue this litigation as a representative of his mother's estate.[4] Accordingly, the court will grant Henry Lee Williams thirty days from the date of this opinion within which to open an estate for Viola Williams in the appropriate chancery court and have himself appointed as administrator,[5] if he desires to proceed with this case, and to advise this court, by declaration filed in the court record, that he wishes to be substituted as plaintiff and to proceed with this case. Should he elect not to proceed with this case, he should so advise the court in a similar manner within thirty days from the date of this opinion.[6] Should Henry Lee Williams timely advise the court that he chooses not to proceed with this case, or should he fail to timely advise the court

that he chooses to proceed with the case, the court will dismiss the case with prejudice.[7]

Before closing, the court would note two additional matters that are pending for decision. In addition to requesting that Henry Lee Williams be substituted as plaintiff on behalf of his mother, defendants Vintage and TIPCO moved for joinder of Henry Lee Williams as a necessary and/or indispensable party to this litigation pursuant to Federal Rule of Civil Procedure 19(a). They argued in support of their motion that since Henry Lee Williams owns the remainder interest in the property in which his mother owned a life estate and which is the subject of this lawsuit, he should be required to prosecute in this action any claim that he may have against any of the defendants relating to NORM contamination of the subject property. After these defendants filed their motion for joinder, Henry Lee Williams, represented by the same attorneys who represent Gladys Madison as guardian for Viola Williams in this case, filed his own suit in the Circuit Court of Jones County, Second Judicial District, claiming damages relating to alleged NORM contamination of the property. Defendants removed that action to federal court and Henry Lee Williams' lawsuit is currently pending in federal court in the Hattiesburg Division of this district, *Henry Lee Williams v. Vintage Petroleum, Inc., et al.*, No. 2:94–CV–305PS. Defendants have moved to consolidate that case with this one for the reason that the actions involve common questions of law and fact. The court finds that it would be premature to rule on either of these motions—the motion for joinder or the motion to consolidate—until such time as a determination is made as to whether or not this case

4. The court notes that though Henry Lee Williams was duly served with the Suggestion of Death as well as defendants' motion to have him substituted as plaintiff, he has not appeared in this action.

5. Certainly, Henry Lee Williams is qualified to act as administrator of Viola Williams' estate. *See* Miss.Code Ann. § 91–7–63 ("The court shall grant letters of administration to the relative who may apply....").

6. Conceivably, Gladys Madison could apply for letters of administration since no relative or other person entitled to administer the estate applied within thirty days of Ms. Williams' death

for administration. *See* Miss.Code Ann. § 91–7–68. However, Ms. Madison through counsel, has unequivocally expressed her desire not to proceed with this litigation.

7. The court would reiterate defendants' concern that if dismissal without prejudice is granted, Henry Lee Williams would likely refile the suit in state court based on the same facts and circumstances giving rise to this suit. They maintain that if that occurs, then the tremendous amounts of time and money they have expended in defense of this case—much of which was expended *after* Viola Williams' death but before they were notified of her death—will have been for nothing.

will be dismissed. If this case is dismissed, those motions obviously will become moot. Accordingly, the court will reserve ruling on those motions.

Based on the foregoing, it is ordered that Henry Lee Williams shall have thirty days from this date within which to file with the court his declaration stating whether or not he desires to proceed with this litigation against defendants. It is further ordered that should he desire to proceed with this litigation, he shall, within thirty days hereof, cause to be opened an estate for Viola Williams and undertake to have letters of administration issued appointing him administrator so that he may properly be substituted as plaintiff in this cause. Finally, it is ordered that should Henry Lee Williams advise the court within thirty days hereof that he does not wish to proceed with this litigation or, should he otherwise fail to advise the court within thirty days that he does wish to proceed, this cause will be dismissed with prejudice. The clerk of the court is hereby directed to mail a copy of this order to Henry Lee Williams at 558 Pool Creek Road, Box .558, Laurel, Mississippi 39440, and to further furnish a copy of this order to his attorneys of record in Cause No. 2:94–CV–305PS.

SO ORDERED.